CASTINE PARTNERS, L.L.C., et al.
v.
THE CITY OF MANDEVILLE, et al.
No. 2007 CA 1997.
Court of Appeals of Louisiana, First Circuit.
October 14, 2008.
EDWARD J. McCLOSKEY, Counsel for Appellee Castine Partners, L.L.C.
PIERRE V. MILLER II, Counsel for Appellant Joseph A. Gilardi, Jr.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
HUGHES, J.
This action began as a petition by appellee, Castine Partners, L.L.C. (Castine), for a declaratory judgment regarding the title of certain lands. Appellant, Mr. Joseph Gilardi, Jr., was named as one of the defendants in the original action. By way of a reconventional demand, Mr. Gilardi asserted ownership of portions of the lots in dispute through acquisitive prescription. After a trial on the matter, a November 2, 2006 judgment was rendered and signed in favor of Castine and against Mr. Gilardi. The judgment also cast Mr. Gilardi with Castine's costs.
On December 8, 2006, Mr. Gilardi filed a petition for suspensive appeal, which was granted by order of the court that same day. On January 18, 2007, however, Castine filed a rule to revoke the order of the suspensive appeal on the basis that Mr. Gilardi had failed to post the security bond within the time set by the court. The parties thereafter entered into a consent judgment wherein the suspensive appeal was converted to a devolutive appeal and maintained. But on March 29, 2007, Castine filed a motion to dismiss the devolutive appeal on the basis that Mr. Gilardi had failed to timely pay the appeal costs. Castine also filed a motion to assess the costs due it under the November judgment. In response, Mr. Gilardi contended that he and Castine had reached a settlement wherein he had agreed to dismiss his appeal and Castine had agreed to waive its costs, and he therefore filed a motion to enforce that alleged agreement.
All matters were heard on July 2, 2007. By judgment signed on July 18, 2007, the motion to enforce the settlement agreement was denied, Mr. Gilardi's time to pay the appeal costs was extended, and the rule to tax costs was continued to September. Although not part of this record, Castine asserts in its brief to this court that the costs were later taxed in the amount of $3,291.00, by judgment dated October 10, 2007.
During the pendency of this appeal, Mr. Gilardi filed a motion to supplement the record, requesting this court to supplement the record to include "those portions of the trial court Record relating to the Motion to Enforce Settlement and to the Rule to Tax Costs." The disposition of the motion was referred to this panel for decision with the appeal. The panel noted, however, and we agree that the motion is moot as the motion, hearing transcript and judgment related thereto are already a part of this record. As such, the motion is denied.

JURISDICTIONAL ISSUES
On December 8, 2006 Mr. Gilardi filed a petition for suspensive appeal of the November 2, 2006 judgment. The court signed an order granting Mr. Gilardi's request that same day. Notice of that appeal was mailed to the parties by the Court of Appeal on December 13, 2006 and states that "NOTICE is hereby given that Motion for Appeal has been entered on December 8, 2006 upon motion of Joseph Gilardi, Jr. and an order granting the appeal was entered on December 8, 2006 from the judgment filed on October 30, 2006 and signed on November 2, 2006 and is returnable to the First Circuit Court of Appeal as determined by law." (Emphasis added.) Thereafter, on March 14, 2007 the suspensive appeal was converted to a devolutive appeal by Consent Judgment signed by all parties. During the pendency of the appeal, Mr. Gilardi filed with the trial court a motion to enforce a settlement agreement. The judgment denying the enforcement of that settlement agreement was signed on July 18, 2007. No motion or order seeking review of the July judgment appears in the record. The only judgment before us is the 2006 November judgment which makes no mention of the purported settlement agreement. Specifically, as to Mr. Gilardi, the November judgment denied the acquisitive prescription claims of Mr. Gilardi.
At some point during the pendency of this appeal, Castine Properties, L.L.C. sold the property at issue to the City of Mandeville. In brief, Mr. Gilardi contends that he and the new property owner, the City of Mandeville, have reached an agreement regarding those acquisitive prescription claims and "[t]he issues raised on appeal by these claims are no longer before this Court." However, Gilardi argues now that the trial court erred in failing to enforce the original alleged settlement agreement between him and Castine.
The only judgment before us in this appeal is the November judgment. Because we are constrained to review only the judgment appealed, and Mr. Gilardi makes no argument regarding any issue decided in that judgment, we must consider the appeal as abandoned. We therefore likewise decline to address the arguments made by appellant regarding the alleged settlement agreement between him and Castine as the judgment relevant to those issues is not properly before us on appeal. All costs of this appeal are assessed to Mr. Gilardi.
MOTION TO SUPPLEMENT DENIED; APPEAL ABANDONED; JUDGMENT AFFIRMED.